IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

M.F., a minor, et al.,

    Plaintiffs,

  v.                                      Civil Action 2:15-cv-2731
                                            Judge Michael H. Watson
                                            Magistrate Judge Jolson

PERRY COUNTY CHILDREN
AND FAMILY SERVICES, et al.,

    Defendants.

## OPINION AND ORDER

This matter is before the Court on Defendant Judge Luann Cooperrider's Amended Motion to Stay Discovery Directed to Judge Cooperrider (Doc. 57) and Plaintiffs' Motion for Leave to File Third Amended Complaint. (Doc. 58). For the reasons that follow, the Motions are **GRANTED**.

**I.  BACKGROUND**

Plaintiffs, two minor children identified as M.F. and H.F. and their mother, Karisma Ferreira, filed the instant case on August 17, 2015, alleging that M.F. and H.F. were sexually abused while in foster care. (*See* Doc. 1). According to Plaintiffs, Michelle Siemer, a respite caregiver for M.F. and H.F. while the children were in foster care, suspected the abuse. (*Id.* at ¶¶15, 20). Plaintiffs allege that Ms. Siemer attempted to report the abuse to Perry County Court of Common Pleas Judge Luann Cooperrider and Perry County Children Services but they failed to respond to her concerns. (*Id.* at ¶¶21, 23–27).

With leave of Court, Plaintiffs filed a First Amended Complaint on November 10, 2015,

correcting the name and address of two Defendants.  (Doc. 17; *see also* Doc. 41).  On February 29, 2016, Plaintiffs moved for leave to file a Second Amended Complaint, arguing that amendment was necessary because the identities of John Does previously named as Defendants had been discovered and they had realized a claim against Defendant Cooperrider.  (*See* Doc. 29).  According to the Preliminary Pretrial Order entered by the Court on December 2, 2015, the deadline for motions for leave to amend the pleadings were to be filed, if at all, by February 29, 2016.  (Doc. 25 at 2).  Plaintiffs were within the time allowed for amendment and the Court ultimately granted Plaintiffs' Motion for Leave to File a Second Amended Complaint. (*See* Doc. 31).

On June 6, 2016, Defendant Cooperrider filed a Motion to Dismiss the Second Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (Doc. 44 at 1). Notably, Defendant Cooperrider alleged that she was absolutely immune from suit, and thus Plaintiffs' claims against her failed as a matter of law.  (*Id.* at 3).  That Motion is still pending.

Plaintiffs filed the instant Motion for Leave to File a Third Amended Complaint on November 14, 2016.  (Doc. 57).  Defendants filed their Response in Opposition on November 29, 2016.  (Doc. 59).  Plaintiffs did not file a Reply but the Motion is now ripe for consideration. Defendant Cooperrider's Motion to Stay Discovery, filed on November 16, 2016 (Doc. 58), has also been fully briefed and is now ripe.

## II. DISCUSSION

### a. Motion to Stay Discovery as to Defendant Cooperrider (Doc. 57)

Defendant Cooperrider argues that discovery should be stayed as to her based on her alleged judicial immunity.  (Doc. 57 at 4).  As is the case with other forms of official immunity,

2

"judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  The Supreme Court has recognized its protection is necessary to shield judges, and other public officers, "from undue interference with their duties and from potentially disabling threats of liability."  *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982).  This judicial immunity is overcome in only two circumstances: (1) actions not taken in the judge's judicial capacity and (2) actions taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12.

Plaintiffs attempt to argue that Defendant Cooperrider is not entitled to immunity because their claim is not being brought under 42 U.S.C. §1983.  (Doc. 60).  Regardless of whether or not that argument is correct, the intricacies of Defendant Cooperrider's immunity are not at issue.  Rather, the question is whether discovery directed at Defendant Cooperrider should be stayed until the Court has ruled on her Motion to Dismiss and determined the merits of her judicial immunity claim.  In support of the stay, Defendant Cooperrider argues that if discovery directed at her "is allowed to continue prior to an immunity decision, [she] would be forced to participate and the well-founded bases for non-participation where immunity is asserted would be thwarted."  (Doc. 57. at 3).  The Court agrees.

The Sixth Circuit has explained that because judicial immunity is designed to protect judges "from the burdens of discovery" until the applicability of immunity is resolved, "the court is further obligated, upon application, not only to refrain from proceeding to trial but to stay discovery until that issue is decided." *Kennedy v. City of Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986); *see also Denton v. Twyford*, 142 F.R.D. 140, 141 (S.D. Ohio 1992) (holding that when Defendant claims that "plaintiff has failed to allege acts that are outside the scope of the

3

defendant's immunity" then "discovery should be stayed until the immunity issue is decided"). Since the immunity issue has not yet been decided by the Court, a stay is necessary. If the Court allowed discovery to proceed as to Defendant Cooperrider, the potential protection of absolute judicial immunity "would be substantially vitiated." *Novel v. Lowe*, 2014 WL 559088, at *2 (S.D. Ohio 2014) (holding that Defendant's immunity, "if applicable, would be 'substantially vitiated' absent a stay."). Therefore, Defendant Cooperrider's Motion to Stay Discovery Directed to Judge Cooperrider will be granted.

### b. Motion for Leave to File Third Amended Complaint (Doc. 58)

Rule 15(a)(2) of the Federal Rules of Civil Procedure—which Plaintiffs assert applies—provides that when a party seeks leave of court to file an amended pleading, "[t]he court should freely give leave when justice so requires." This rule, which allows a liberal policy in favor of granting amendments, "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Inge v. Rock Finan. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)).

Plaintiffs fail to recognize, however, that they are outside the timeframe for amendment allowed by the Court in its December 2, 2015 Order. (Doc. 25). "Once a pleading deadline has passed, litigants must meet the higher threshold for modifying a scheduling order found in Rule 16(b)." *Shane v. Bunzl Distrib. USA, Inc.*, 275 Fed. Appx. 535, 536 (6th Cir. 2008). Under Rule 16, the Court must consider whether good cause exists for Plaintiffs' failure to seek leave to amend within the deadline, and also evaluate "the potential prejudice to the nonmovant." *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

Plaintiffs allege the new causes of action they seek to add were not discovered until a witness testified that she destroyed documents relating to the case in a deposition on October 6, 2016. (Doc. 58 at 3). In response, Defendants do not argue against amendment, but rather focus their argument on the fact that the new claims are "wholly unnecessary, redundant, and unsupported by Ohio law." (Doc. 59 at 1). The Court construes these arguments as Defendants way of suggesting amendment is futile since Plaintiffs will ultimately fail on the merits. "At this stage of the litigation, [however,] this Court is charged with determining whether the futility of an amendment is so obvious that it should be disallowed." *Bear v. Delaware Cnty., Ohio*, No. 2:14-CV-43, 2015 WL 1954451, at *3 (S.D. Ohio Apr. 28, 2015). The proposed amended complaint meets this low bar and the Court finds good cause exists.

Plaintiffs argue that amendment will not prejudice Defendants because, among other reasons, "there is no discovery deadline." (Doc. 58 at 6). While this is incorrect since the Court's December 2, 2015 Order (set the discovery deadline for September 30, 2016 (Doc. 25), the Court agrees with Plaintiffs that "little additional discovery has to be conducted on these new issues." (Doc. 58 at 6). Defendants do not allege any prejudice that might occur as a result of the amendment and the limited additional discovery that may be necessary. The Court, therefore, does not believe Defendants will suffer substantial or unfair prejudice by virtue of the amendment. *See Leary*, 349 F.3d at 906. Accordingly, Plaintiffs Motion for Leave To File Third Amended Complaint will be gratned.

### III.   CONCLUSION

For the reasons stated, Defendant's Motion to Stay Discovery Directed to Judge Cooperrider (Doc. 57) and Plaintiffs' Motion for Leave to File Third Amended Complaint (Doc.

5

58) are **GRANTED**.  The Clerk is directed to file Exhibit 1 to Document 58 as the Third Amended Complaint.  Any additional discovery necessary as a result of the Third Amended Complaint shall be completed by January 31, 2016.

### IV.    MOTION TO RECONSIDER

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Eastern Division Order No. 14-01, pt. IV(C)(3)(a).  The motion must specifically designate the Order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days after.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This Order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio Civ. R. 72.3.

IT IS SO ORDERED.


Date:  December 22, 2016                           /s/ Kimberly A. Jolson
                                                   KIMBERLY A. JOLSON
                                                   UNITED STATES MAGISTRATE JUDGE